## HENRY R. MORGAN *v.* ALBERT WINTERCAST.

The plaintiff had seized, on an execution, property on which there appeared to be a mortgage, by the recorder's certificate. He then took a rule against the mortgagee to show cause why the mortgage should not be cancelled, upon the ground that it was simulated: *Held :* that the validity of the mortgage could not be tested in this summary mode, but that the plaintiff must resort to an ordinary action.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Durant* and *Hornor*, for plaintiff. *Grymes* and *Vandalson*, for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, who is a judgment creditor of the defendant, seized certain real estate under an execution which was, according to the certificate of the recorder of mortgages, incumbered with a mortgage in favor of *R. F. Williams*. He took a rule on *Williams* to show cause why the mortgage should not be cancelled and erased from the records of the recorder, as it was an obstacle to the sale under execution, and was fictitious and simulated. *Williams* excepted to this mode of proceeding against him by rule, and alleged that the mortgage was good and valid, and given to secure four certain promissory notes mentioned in the act of mortgage, on the faith of which the notes had been negotiated and put into circulation in the regular and usual course of business, and were then in the hands of *bonâ fide* holders.

The district judge maintained the exception, discharged the rule, and the plaintiff has appealed.

Waiving the question of the right of the party to appeal, as the point has not been made in argument, we think the district judge did not err in discharging the rule. His decision is in conformity with the rule of practice laid down in

<div style="text-align: right; font-variant: small-caps;">
STATE<br>
*v.*<br>
JUDGE OF 3D.<br>
DIS'CT COURT.
</div>

MORGAN         the case of *The Bank of Louisiana* v. *Delery*, 2d Ann. 650. The respondent
*v.*
WINTERCAST.    asserted, on the record, a legal right, which it was not competent for the court
to act upon and determine under the summary process of a rule. The plaintiff
has his ordinary action against the respondent, of which the respondent is enti-
tled to have the benefit.

The judgment of the district court is therefore affirmed, with costs.